UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, EARTH ISLAND INSTITUTE, and CALIFORNIA CHAPPARAL INSTITUTE,<br><br>        Plaintiffs,<br><br>  v.<br><br>SUSAN SKALSKI, in her official capacity as Forest Supervisor for the Stanislaus National Forest, and UNITED STATES FOREST SERVICE, an agency of the Department of Agriculture,<br><br>        Defendants. | No. 1:14-cv-01382-GEB-GSA<br><br>**DISPUTE RE WHETHER THE ADMINISTRATIVE RECORD SHOULD BE SUPPLEMENTED** |

On September 17, 2014, Defendants United States Forest Service and Susan Skalski filed an Opposition to Plaintiffs' Motion to Supplement the Administrative Record, in which they state:

> On September 16, the Court denied the Plaintiffs' motion for an injunction. Since the opinion does not rule on Plaintiffs' request to supplement the administrative record, Federal Defendants are filing this opposition in compliance with the Court's previous scheduling order, ECF 36.

(Opp'n to Mot. to Supplement Administrative Record ("AR") 1 n. 1, ECF No. 49 (citation omitted).)

1

1    Later on September 17, 2014, Plaintiffs filed a Reply,
2 in which they state, *inter alia*:

> As an initial matter, yesterday's "Order Denying Plaintiffs' Motion For Temporary Restraining Order" highlights why this Court should grant Plaintiffs' Motion to Supplement. In that Denial, this Court misunderstood Clark (2007), which directly demonstrates why the declarations are necessary for this Court to address Defendants' NEPA obligations in this case as it moves forward.
>
> . . . .
>
> **Had this Court utilized the Bond Declaration, as it should,** to help it with difficult technical matters, it would understand what Clark (2007) actually shows, and would not be in the position of attempting, on its own, to interpret scientific data that was ignored or misrepresented by Defendants, and which is properly explained for the Court by scientific experts, such as owl expert Monica Bond.
>
> . . . .
>
> **[Other] errors can be avoided if the Court allows itself to use the expert declarations of Monica Bond, Derek Lee, and Dominick DellaSala.** We therefore respectfully urge the Court to accept the declarations for what they are—helpful aids for the Court in understanding difficult technical material. They clearly are needed and should therefore be allowed.

(Pls.' Reply in Supp. of Mot. to Supplement AR, 3:18-21, 4:6-10, ECF No. 50 (emphasis added).)

   To the extent either or both of these filings indicate the Court did not consider the Declarations of Monica Bond, Derek Lee, and Dominick DellaSala in connection with Plaintiffs' Motion for Temporary Restraining Order, the parties are referred to the following portion of the September 16, 2014 Order Denying Plaintiffs' Motion for a Temporary Restraining Order:

>Plaintiffs move "to supplement the administrative record in this case with the declarations of Monica Bond, Derek Lee, and Dominick DellaSalla." (Pls.' Mot. to Supplement the AR 2:7-8, ECF No. 32.) However, "**[e]ven considering the declarations, the [TRO] is denied** at this time. **Therefore, the Court [need not decide the motion to supplement the administrative record when deciding whether to issue a TRO.]**" Willis v. Buffalo Pumps Inc., No. 12cv744 BTM (DHB), 2014 WL 1028437, at *3 n.1 (S.D. Cal. Mar. 17, 2014) (declining to reach evidentiary objections raised in connection with motion for summary judgment); accord Hernandez v. City of Oakley, No. C-11-02415 JCS, 2012 WL 5411781, at *3 n.4 (N.D. Cal. Nov. 6, 2012) ("The Court need not reach this [evidentiary] objection because, even assuming these [deposition] excerpts are admissible, it finds in favor of Defendants as to all of the remaining claims in this action.").

(Order 2, n.3, ECF No. 48 (emphasis added).)

Since the TRO has been denied, and no matter is pending requiring decision on Plaintiffs' Motion to Supplement the Administrative Record at this time, the issue is not addressed.

Dated: September 17, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3