UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, EARTH ISLAND INSTITUTE and CALIFORNIA CHAPARRAL INSTITUTE,<br><br>            Plaintiffs,<br><br>    v.<br><br>JEANNE HIGGINS, in her official capacity as Forest Supervisor for the Stanislaus National Forest, and UNITED STATES FOREST SERVICE, an agency of the Department of Agriculture<br><br>            Defendants,<br><br>AND<br><br>TUOLOMNE COUNTY, AMERICAN FOREST RESOURCE COUNCIL, CALIFORNIA FORESTRY ASSOCIATION, WILLIAM AND MARY CROOK, SIERRA PACIFIC INDUSTRIES, YOSEMITE STANISLAUS SOLUTIONS, and CALIFORNIA FARM BUREAU FEDERATION | No. 1-14-CV-01382-GEB-GSA<br><br>**ORDER DENYING PLAINTIFFS' REQUEST FOR AN INJUNCTION PENDING APPEAL[2*]** |

Defendant-Intervenors,[1]

On October 28, 2014, Plaintiffs filed a "NOTICE OF MOTION AND MOTION FOR ISSUANCE OF AN INJUNCTION PENDING APPEAL," and an "APPLICATION TO SHORTEN TIME ON MOTION FOR INJUNCTION PENDING APPEAL." Plaintiffs' application for an order shortening time for the briefing on their motion was granted (ECF No. 81,) and the briefs have been considered.

Plaintiffs argue in their injunction pending appeal motion that an injunction is required "to avoid likely irreparable harm" in Stanislaus National Forest that would be endured "from the removal of the preferred foraging habitat for resident California spotted owls. . . [as a consequence of] the Nevergreen, Double Fork and Triple A timber sales". (Mot. Issuance of Inj. Pending Appeal ("Mot.") 2:11-15, ECF No. 71.)

Plaintiffs previously moved for a preliminary injunction on September 19, 2014 (ECF No. 52,) which was denied in an order issued on October 7, 2014. (Order Den. Pls.' Mot. Prelim. Inj., ECF No. 65.) Plaintiffs current Motion for an Injunction Pending Appeal is based on "documents already on file

---

[1] Defendant Susan Skalski seeks to substitute as a party Jeanne Higgins in her official capacity as Forest Supervisor for the Stanislaus National Forest pursuant to Fed. Rule Civ. Proc. 25(d). When a public officer who is a party to an action in her official capacity "ceases to hold office while the action is pending," her "successor is automatically substituted as a party." Fed. Rule Civ. Proc. 25(d). Therefore, Jeanne Higgins in her official capacity as Forest Supervisor for the Stanislaus National Forest is substituted for defendant Skalski in her official capacity as Forest Supervisor for the Stanislaus National Forest.

with th[e] Court" and does not raise any argument that was not addressed in their prior motion for an injunction. (Mot. 4:1.)

The legal standard applicable to Plaintiffs' Motion for an Injunction Pending Appeal is the same as the standard applied to Plaintiffs' Motion for Preliminary Injunction. See Alaska Conservation Council v. U.S. Army Corps of Eng'rs, 472 F.3d 1097, 1100 (9th Cir. 2006); Humane Soc. of U.S. v. Gutierrez, 558 F.3d 896, 897 (9th Cir. 2009) (citing Winter v. Natural Res. Council, 555 U.S. 7, 20 (2008)).

Since Plaintiffs' Motion for an Injunction Pending Appeal presents no new argument or evidence and is reviewed under the same legal standard as their prior motion for a preliminary injunction, the instant motion is denied for the reasons stated in the October 7, 2014 order denying Plaintiffs' motion for a preliminary injunction.

Dated:  November 7, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge